IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 6503 |
| v. | ) | |
| | ) | Judge Manning |
| GREENTREE, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT GREEN TREE SERVICING LLC'S MOTION TO DISMISS

Defendant, Green Tree Servicing LLC ("Green Tree"), by its attorneys and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves to dismiss the Complaint of the plaintiff, David Powell ("Powell"). In support of this motion, Green Tree states as follows:

1.      This is Plaintiff's third *pro se* lawsuit against Green Tree, and like the two before it, this Complaint arises from a Retail Installment Contract and Security Agreement ("Agreement") which Powell entered into with WaterWerks Boat Sales, Inc. on May 21, 1998, and which WaterWerks assigned to Green Tree's predecessor-in-interest, Green Tree Financial Servicing Corporation, that same day. Plaintiff's most recent lawsuit was dismissed by Judge Nordberg on September 26, 2006 in the case of *Powell v. Conseco-Greentree*, Case No. 05 C 4284 in the Northern District of Illinois; that case involved allegations that Green Tree refused to provide Plaintiff with disability insurance after he became disabled.

2.      Plaintiff commenced the present suit against Green Tree in the Circuit Court of Cook County, Illinois. Green Tree timely removed the case to this Court on November 15, 2007.

3.      While Plaintiff's Complaint (a copy of which is attached hereto as Exhibit A) is anything but clear, Plaintiff cites to the Fair Credit Reporting Act, 15 U.S.C.A. §1681s-2

("FCRA"), and is presumably attempting to assert a claim under FCRA, as well as state law claims for breach of contract and negligent misrepresentation.

4.    The U.S. Supreme Court has recently clarified the standard to be applied to a Rule 12(b)(6) motion to dismiss as follows:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations... a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do... Factual allegations must be enough to raise a right to relief above the speculative level...

*Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, *127 S. Ct. 1955, 1965, 2007 U.S. LEXIS 5901.*

5.    In this case, Plaintiff does not even engage in a "formulaic recitation of the elements" of any particular cause of action, let alone meet the *Twombly* standard of pleading sufficient facts to "raise a right to relief above the speculative level." Indeed, it is unclear from Plaintiff's Complaint exactly what alleged conduct Plaintiff believes was unlawful, why Plaintiff believes the allege conduct was unlawful, how that conduct supports the legal theories alleged, or what relief Plaintiff is seeking.

6.    At best, Plaintiff alleges that Green Tree has in the past given Plaintiff certain loan extensions, and has now denied a further request for extension. Such an allegation simply does not support any recognizable cause of action, whether characterized as a violation of FCRA, breach of contract, or negligent misrepresentation.

WHEREFORE, defendant, Green Tree Servicing LLC, requests that the Court dismiss the Complaint with prejudice.

2

Respectfully submitted,

/s/ Marshall L. Blankenship
One of the attorneys for defendant,
Green Tree Servicing LLC

James D. Adducci
Marshall L. Blankenship
Adducci, Dorf, Lehner,
    Mitchell & Blankenship, P.C.
150 N. Michigan Avenue
Suite 2130
Chicago, IL 60601-7524
(312) 781-2800

Complaint-Verified    (This form replaces CCMD-8A)                    CCM N008-50M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MR DAVID POWELL
_____
**Plaintiff(s)**

GREENTREE
500 LAND MARK TOWERS
345 ST PETER ST
ST PAUL MN 55___    **Defendant(s)**

No. _07 M6 5396_

Contract _____

Amount Claimed $ _50,000 + C.C._

Return Date _____

### COMPLAINT

The Plaintiff(s) claim(s) as follows:

I Mr. David Powell Plantiff Pro-Se Motions the Court under the Civil Rules of Procedure for the Defendant's Breach of Contract for loan extension on account No. 147716724 as promised. The Defendant's Negligent Misrepresentation on an express contract agreement 110.21 contracts has caused the Plantiff undo hardship. The Defendant has shown the propensity in the past to honor said loan extensions after the Plantiff's date of disability in which the Defendant has denied the Plantiff's request for insurance on said account, listed in the exhibits before the Court . In support of my Motion of Complaint the term willful as used in the Fair Credit Reporting Act by knowingly and intentionaly commiting an act in concious disregard for the rights of others. Wiggns vs, Equifax D.D.C.1993,848 F.Supp.213. The Plaintiff Prays the Court for relief in this matter for the sanction as listed and any other means the Court finds equitable and just.

Respectfully Submitted
Mr. David Powell Plantiff Pro-Se

I, ___DAVID POWELL___ , certify that I am the ___PLANTIFF___
(Name)                                              (Name of Attorney if applicable)
plaintiff in the above entitled action. The allegations in this complaint are true.

Atty. No.: _____    Pro Se  99500        Dated: ___10-31, 07___

**Atty. (or Pro Se Plaintiff)**

Name: ___DAVID POWELL___

Address: ___PO BOX 5283___                _____
                                                            **Signature**
City/State/Zip: ___LANSING, ILL 60438___

Telephone: ___708 171 1868___        ☐ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

**EXHIBIT**

A

EXHIBIT 1

Conseco                                                December 15th 2000
500 Landmark Towers
345 St. Peter St.
St. Paul, Minn
55102-1641

Director;
This letter is my request of information on your companys policy concerning
disability insurance on boat loans and motorcycle loans.
When the orginal purchase contract is signed and insurance is taken out, what
party is responsible for these payments?, is it Conseco or does Conseco have
its own insurance carrier for these loans?, or is it the retailers responsiblity?
I hope your office can clarify these matters for me.

Thank-You
Mr. David Powell

Mr. David Powell

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly) | B. Date of Delivery |
| | C. Signature  X | ☐ Agent  ☐ Addressee |
| 1. Article Addressed to: | D. Is delivery address different from item 1?  ☐ Yes If YES, enter delivery address below:  ☐ No | |
| Conseco 500 LANDMARK Towers 345 ST PETER STREET ST PAUL MINN 55102-1641 | | |
| | 3. Service Type  ☐ Certified Mail  ☐ Express Mail  ☐ Registered  ☐ Return Receipt for Merchandise  ☐ Insured Mail  ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes | |

2. Article Number (Copy from service label)

PS Form 3811, July 1999          Domestic Return Receipt          102595-00-M-0952

EXHIBIT 2

Mr. David Schwartz                                    April 25th 2007
Greentree Servicing
345 St. Peter Street
St. Paul, Minn 55102


Mr. Schwartz;

I was instructed to write concerning an extension request on my boat loan.
the represenative's name is Angela, no last name was given this writer.
I believe she can be located in the loan division. I find this unusual as I in the
past normally would recieve a two month extension simply by requesting it.
There was mention of past litigation, hence her instructions to write you.

I did explain to Angela, that in the past no matter the level of litigation, I was
granted the extension. As of this date the loan payment is 25 days late, in
previous requests I was told the loan had to be 30 days late,upon which the
documents for the two month extension would be sent by fascimile. I am now
wondering if I will be given the same opportunity for said extension, and if not
a reason for any denial of my request herein. My account No. is 147716724,
please inform this writer as to the status of my request.

                                              Thank-You
                                              Mr. David Powell
                                              P.O. Box 5282
                                              Lansing, ILL 60438

Sent V.I.A. U.S. Reg Mail
Reciept No. 7006 0100 0007 0066 8977

U.S. Postal Service
CERTIFIED MAIL  RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE
SAINT PAUL MN 55102

| | | |
|---|---|---|
| Postage | $ | $0.39 |
| Certified Fee | $2.40 | 05 |
| Return Receipt Fee (Endorsement Required) | $0.00 | APR 25 2007 Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | $2.79  04/25/2007 |

Sent To GREENTREE SERVICING
Street, Apt. No.; or PO Box No. 345 ST. PETER ST  LAND MARK TOWERS
City, State, ZIP+4 ST. PAUL, MINN 55102

PS Form 3800, June 2002                    See Reverse for Instructions

EXHIBIT3

TELEPHONE VOICE MAIL TRANSCRIPTION PLANTIFF'S PHONE
BY CONSECO -GREENTREE EMPLOYEE ANGELICA EXT 34211

HELLO THIS CALL IS FOR DAVID POWELL THIS IS ANGELICA WITH
GREENTREE IT IS VERY IMPORTANT THAT YOU RETURN MY CALL
THIS IS REGARDING AH THE PICKUP OF THE BAYLINER BOAT AND
TRAILER I NEED YOU TO CONTACT ME REGARDING THIS APPOINMENT
MY NUMBER IS 888 800 9756 AND MY EXTENSION IS 34211 IT IS VERY
IMPORTANT THAT YOU RETURN MY CALL THANKYOU.

MESSAGE RECIEVED ON THE 29TH OF OCTOBER PLANTIFF'S VOICEMAIL
TO REPOSESS.

EXHIBIT 4

TELEPHONE VOICE MAIL TRANSCRIPTION PLANTIFF'S PHONE
BY CONSECO-GREENTREE EMPLOYEE BETES EXT 33677

THIS MESSAGE IS FOR DAVID POWELL THIS MR BETES WITH
GREENTREE I NEED FOR YOU TO RETURN MY CALL TODAY
AS SOON AS POSSIBLE TODAY IS TUESDAY OCTOBER 30TH
THE NUMBER IS 888 800 9756 EXT 33677 THANKYOU

MESSAGE RECIEVED ON THE 30TH OF OCTOBER PLANTIFF'S VOICEMAIL
REQUESTING THE SAME INFORMATION FOR LOAN EXTENSION

**NationalCity**.

National City Bank
**Munster Office**
9175 Calumet Avenue
Munster, IN 46321
(219) 836-2403

EXHIBITS

October 30, 2007

Re: Check by phone completed by David Powell

To: Greentree (Conseco)

To Whom It May Concern,

This letter is to acknowledge that , I, Tony Santana, verified Mr. Powell's bank account
#, and National City Banks routing # for the purpose of paying a check by phone.

I spoke with a representive from Greentree
to confirm Mr. Powell's check by phone information.

If you have any questions I can be reached at 219-836-2403 of by email at
louis.santana@nationalcity.com.

Sincerely,

Tony Santana
Vice President
Manager
Munster Banking Center

AFFIDAVIT OF MR. DAVID POWELL

I Mr. David Powell being over the age of eighteen and duly sworn do hereby submit this affidavit and if called to testify on its contents would freely do so. On the 29th of October 2007 I recieved a voicemail message as listed in exhibit 3, I returned the call and asked the question is it your intent to start reposession? I was instructed to call Mr. Betes, I informed Angelica I had a dental appointment. On the October 30th 2007 I called Mr. Betes and informed I was under Doctors care. mr. Betes went into his request for the same information previously given to him, Mr. Betes the informed me that a sum of money was to be sent in the amount of 105.47, I asked Mr. Betes about his guarantee of this loan extension and reminded him the conversation was witnessed,Mr. Betes ignored this. Mr. Betes called again and told me he had made a mistake, I was now told by Mr. Betes I was to remit a sum of 97.56. I again reminded Mr. Betes of his quarantee of the 25th, Mr. Betes again ignored his promise of a loan extension.

Affiant Further Saith Not
M r. David Powell Plantiff Pro-Se

AFFIDAVIT OF MR.CARL HASLER

I Mr. Carl Hasler, being over the age of eighteen and duly sworn do hereby
submit this affidavit and if called testify on its contents would freely do so.
On the twentyfourth of October 2007, I was a witness to conversation between
Mr. David Powell and an employee of a finance company known as Betes. In
this conversation Mr. Powell informed employee Betes no fewer than three times
that I Mr. Carl Hasler would witness this conversation, Betes was clearly aware
of this and commented to Mr. Powell [Betes Quote; Don't put me on the spot]
Mr. Powell asked if there were any attempts to repossess his boat and trailer,
and asked Betes the date of his request for a loan extension. {Betes Answer
quote] your loan extension is approved for the twentyfifth of October 07. Mr. Powell
then asked again about reposession {Bates Quote there will be no repo activity.}

Affiant Further Saith Not

Mr. Carl Hasler

_Carl Hasler_

CUA NO. 16002417353                    P. 02/02

# DEFERRED PAYMENT
## ADDENDUM TO
### CONSUMER FINANCE RETAIL INSTALLMENT CONTRACT
#### AND SECURITY AGREEMENT

Fax# 1-800-247-7353

Attn: Heather S.

We the undersigned do hereby agree to the following terms incorporated into the Consumer Finance Retail Installment Contract and Security Agreement (hereinafter "Contract") dated 5/21, 1998 and entered into between __David M. Povell__ (hereinafter "Buyer") and __WaterWerks Boat Sales, Inc.__ (hereinafter "Seller") and assigned to Green Tree Financial Servicing Corporation (hereinafter "Green Tree") for the purchase of a __New 1998 Bayliner Trophy 2052, Mercury 4.3 Motor, Escort BT22GAB Trailer__ (year, make, model, description of goods).

Buyer(s) agree the first payment due under the contract will be deferred for __120__ days. ("Deferral Period") so that the payments in the amount of $ __296.55__ shall be paid starting approximately __120__ days from the Contract date and will be paid thereafter each month until all the payments have been made.

Buyer(s) further agree the interest stated in the Contract shall begin to accrue on the outstanding unpaid balance of the Contract from the date of the Contract. Therefore, interest will accrue during the __120__ day Deferral Period. Your monthly payments will be allocated to payment of interest accrued during this Deferral Period and any other accrued interest until the accrued interest is repaid. When the accrued interest is repaid, the monthly payments will be allocated to the unpaid principal balance and interest according to the Contract.

This addendum to the Contract will be in full force and effect as of the day signed below. Except as hereby amended, all of the terms of the Contract shall remain in full force and effect.

_5-21-98_
**Date**

**Buyer**

**Date**

**Buyer**

X _5-21-98_
**Date**

**Seller**

Thanks!

CFD-608 (11/95)

JUN-19-98 FRI 10:15 AM          17087889799                    P. 01

GT-52-14-001 (1/97)

## RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

| Buyer - Name and Address | Seller - Name and Address |
|---|---|
| David M. Powell<br>1612 186th St.<br>Lansing, IL 60438 | WaterWerks Boat Sales, Inc.<br>18660 S. Cicero Ave.<br>Country Club Hills, IL 60478 |
| "You" and "your" mean each Buyer above, and each guarantor, jointly and individually. | "We" and "us" mean the Seller above, its successors and assigns. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the goods (Goods) and services described below. The Goods are sold in their present condition, together with the usual accessories and attachments.

| Description of Goods or Services Purchased | Serial or Unit No. | Motor or Cabinet No. | Price of Each Unit |
|---|---|---|---|
| New 1998 Bayliner Trophy 2052 | | Serial# USCA19FDK798 | |
| New 1998 Mercruiser 4.3 Motor | | Serial# OL040843 | |
| New 1998 Escort BT22GAB Trailer | | Serial# 405222LA0HM000019 | |

Description of Other Collateral
(Not household goods)

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the Amount Financed as disclosed below, plus finance charges accruing on the unpaid balance at the Annual Percentage Rate disclosed below per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ ____-0-____ if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade in value described in the ITEMIZATION OF AMOUNT FINANCED.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 1,152.50 |
|---|---|---|---|---|
| 10.00 % | $ 26,431.40 | $ 26,951.59 | $ 53,382.99 | $ 54,535.49 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 180 | $296.55 | Monthly Payments Beginning 09/20/98 |

**Security:** You are giving a security interest in the Goods purchased.
☐ (description of other property) _____

**Prepayment:** If you pay off this Contract early, you may have to pay a Minimum Finance Charge, and you will have to pay an acquisition fee.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** (Credit life, credit disability (accident and health), and any other insurance coverage quoted below) are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

**Credit Life:** Insured _____
☐ Single ☐ Joint   Prem. $ N/A   Term _____

**Credit Disability:** Insured _____
☐ Single ☐ Joint   Prem. $ N/A   Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

| N/A | | N/A | |
|---|---|---|---|
| Buyer | Date | Buyer | Date |

| N/A | |
|---|---|
| Buyer | Date |

☐ **PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The deductible amount of this insurance may not exceed $ N/A . If you get insurance from or through us you will pay $ N/A for _____ of coverage.

This premium is calculated as follows:
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A
☐ _____ $ N/A

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Goods and/or Services Price | | $ 27,951.59 |
| (Including sales tax of $ 1,866.59 ) | | |
| Service Contract. Paid to: N/A | | $ -0- |
| | Cash Price | $ 27,951.59 |
| Less: Manufacturer's Rebate | | $ 1,000.00 |
| Less: Cash Down Payment | | $ 152.50 |
| Trade-In Allowance | $ -0- | |
| Less: Amount Owing | $ -0- | |
| To: N/A | | |
| | Net Trade-In | $ -0- |
| | Total Down Payment | $ 1,152.50 |
| | Unpaid Balance of Cash Price | $ 26,799.09 |
| (Cash Price Less Total Down Payment) | | |
| Paid to Public Officials - Filing Fees: | | $ 152.50 |
| Insurance Premiums | | $ -0- |
| Paid to Seller - Document Prep Fee | | |
| To: _____ | | $ -0- |
| To: _____ | | $ -0- |
| To: _____ | | $ -0- |
| To: _____ | | $ -0- |
| | Total Other Charges | $ 152.50 |
| (Including Amounts Paid to Others on Your Behalf) | | |
| | Less: Prepaid Finance Charges | $ -0- |
| | Amount Financed | $ 26,951.59 |
| (Unpaid Balance of Cash Price Plus Other Charges) | | |

### NOTICE TO THE BUYER

(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the agreement you sign. (3) Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS RETAIL INSTALLMENT CONTRACT.**

| Buyer Signature | _[signature]_ | Date 5-21-98 |
|---|---|---|
| Signature | | Date |
| Signature | | Date |

**EXECUTION AND ASSIGNMENT:** This Contract and Security Agreement is executed by the Seller and assigned to Green Tree Financial Servicing Corporation, 332 Minnesota Street, St. Paul, MN 55101, the Assignee, phone 1-800-241-3040. This assignment is made under the terms of a separate agreement.

Seller By _[signature]_   Date 5-21-98

ILLINOIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

© 1996 Bankers Systems, Inc., St. Cloud, MN Form GTC-SI-QS-IL 1/29/97

GT-52-14-001 (1/97) (page 1 of 2)

GOODS AND SERVICES - NOT FOR HOME IMPROVEMENT OR MANUFACTURED HOMES

© 1996 Bankers Systems, Inc., St. Cloud, MN Form (page 2 of 2)

# ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Goods and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Goods and any services if you buy them over time. You should to purchase the items over time. The Total Sale Price shown in the Goods and any services over time.

**TRUTH IN LENDING DISCLOSURES** assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not entitle you to default in the future. If you agree to pay a $12.00 acquisition fee if you prepay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Goods purchased and any other collateral described above, and all accessions, attachments, accessories, and equipment placed in or on the Property. Our interest will extend to consumer goods unless the Goods or other collateral, together with Property, and proceeds of the Goods or other collateral. Our interest will extend to the Property after we enter into this Contract, or other collateral, together with the Goods. We may insert the identifying number or marks of the Property and the due date of the Contract, or the Property is delivered whichever is later.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

B. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else.

C. You will keep the Property in your possession in good condition and repair. You will use the Property for the intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.

D. You will not attempt to sell the Property (unless it is properly identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent. You will not permit the Property to become attached to any real estate without first providing us an opportunity to preserve our interest.

E. You will pay all taxes and assessments on the Property as they become due.

F. You will notify us of any loss or damage to the Property.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.

B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs and reasonable attorneys' fees as permitted by a court of law, that we incur to collect or enforce this Contract, and fees for repossession, repair, storage and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, subject to any right to cure that you may exercise, we have all the remedies provided by law and this Contract:

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges when you are in default on this Contract (or at least 30 days or if you have abandoned or destroyed the Property or if we have reasonable cause to believe that you are about to leave the state.

B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amounts we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.

E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

**PROMISE TO PAY AND PAYMENT TERMS** ...

**ARBITRATION:** All disputes, claims, or controversies arising from or relating to this Contract or the relationships which result from this Contract, or the validity of this arbitration clause or the entire Contract, shall be resolved by binding arbitration by one arbitrator selected by us with your consent. This arbitration agreement is made pursuant to a transaction in interstate commerce, and shall be governed by the Federal Arbitration Act at 9 U.S.C. Section 1. Judgment upon the award rendered may be entered in any court having jurisdiction. The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes through a court, but that they prefer to resolve their disputes through arbitration, except as provided herein. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY US (AS PROVIDED HEREIN). The parties agree and understand that all disputes arising under case law, statutory law, and all other laws including, but not limited to, all contract, tort, and property disputes, will be subject to binding arbitration in accord with this Contract. The parties agree and understand that the arbitrator shall have all powers provided by the law and the Contract. These powers shall include all legal and equitable remedies, including, but not limited to, money damages, declaratory relief, and injunctive relief. Notwithstanding anything hereunto the contrary, we retain an option to use judicial or non-judicial relief to enforce a security agreement relating to the Property, goods or services secured in a transaction underlying this arbitration agreement, to enforce the monetary obligation secured by the Property, goods or services or to foreclose on the property, goods or services. Such judicial relief would take the form of a lawsuit. The institution and maintenance of an action for judicial relief in a court to foreclose upon any collateral, to obtain a monetary judgment or to enforce the security agreement, shall not constitute a waiver of the right of any party to compel arbitration regarding any other dispute or remedy subject to arbitration in this Contract, including the filing of a counterclaim in a suit brought by us pursuant to this provision.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You must name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may buy the insurance through anyone you want who is reasonably acceptable to us. You may provide the insurance through an existing policy you own or control acceptable to us, but you must keep the insurance in full force and effect until this Contract is paid in full.

**COLLATERAL PROTECTION INSURANCE NOTICE:** Unless you provide us with evidence of the insurance coverage required by your agreement with us, we may purchase insurance at your expense to protect our interests in your collateral. This insurance may, but need not, protect your interests. The coverage that we purchase may not pay any claim that you make or any claim that is made against you in connection with the collateral. You may later cancel any insurance purchased by us, but only after providing us with evidence that you have obtained insurance as required by our agreement. If we purchase insurance for the collateral, you will be responsible for the costs of that insurance, including the insurance premium, interest and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to your total outstanding balance or obligation. The premiums may be more than the cost of insurance you may be able to obtain on your own.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.

B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

C. We may release any security and you will still be obligated to pay this Contract.

D. If we give up any of our rights, it will not affect your duty to pay this Contract.

E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due (known as presentment); (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due (subject to the limitations described in the REMEDIES section.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such Property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

# GRE**EN**TREE

Date: 5/26/98

Dear Customer: DAVID M. POWELL

We would like to take this opportunity to welcome you as a customer of Green Tree. As you know we have been selected to handle your new retail installment contract. We are happy to have you as one of our valued customers and want to thank you for this opportunity to serve you.

The Notice of Assignment printed below is for your information. Perhaps you will want to retain it with your copy of the contract for future reference.

Our job is to look after your needs personally and help you in any way we can. If you have any problems or questions about your account, please get in touch with us.

Sincerely,

HEATHER STENE  82625

## NOTICE

We may communicate information about you to one or more of our affiliate corporations which are owned or controlled by Green Tree Financial Corporation. Under the federal Fair Credit Reporting Act, you have a right to prevent this communication of information about you, except for the communication of information relating solely to your credit transaction with us or our experiences with you. You may direct us not to communicate information about you to our affiliates by sending a written request to the address below.

We may also furnish information about your account to one or more consumer reporting agencies (credit bureaus). If you dispute the accuracy or completeness of information furnished by us, please send a detailed written statement regarding your dispute to:

> Green Tree Financial
> P.O. Box 64135
> St. Paul, MN 55164-0135

## NOTICE OF ASSIGNMENT

_____("Green Tree"), has purchased a retail installment contract from
WATERWERKS BOAT SALES, INC._____. Your contract calls
for __180__ monthly payments of $ __296.55__ beginning _____9/25/98_____.
Payments should be made to Green Tree with the statement and envelope provided to you monthly. All correspondence should be directed to: Green Tree, Consumer Finance Division, 332 Minnesota Street,
Suite 620, St. Paul, MN 55101_____.

Your account number with Green Tree is ____14771672-4____ and should be referenced on all correspondence. If you have not recieved your Invoice by the time your first payment is due, please use the following "coupon" and enclosed envelope when sending your initial payment to our office.

.............................................. Detach Here for Payment ..............................................

# GRE**EN**TREE

|  |  |
|---|---|
| | ____9/25/98____ |
| | **Due Date** |
| **Name** DAVID M. POWELL | **Payment Amount** __296.55__ |
| | **Total** _____ |
| **Address** _1612 186TH ST_ | |
| LANSING          IL 60438 | **Account Number** __14771672-4__ |

CONSUMER FINANCE - CENTRAL

JCWELZZ1
GT-35-00-003 (11/97)

| Buyer (Name and Address) | Seller (Name and Address) |
|---|---|
| [Name], Po [__] 1612 186th St. Lansing, IL 60438 | Waterworks Boat Sales, Inc. 18660 S. Cicero Ave. Country Club Hills, IL 60478 |
| "You" and "your" mean each Buyer above, and each guarantor, jointly and individually. | "We" and "us" mean the Seller above, its successors and assigns. |

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the goods (Goods) and services described below. The Goods are sold in their present condition, together with the usual accessories and attachments.

| Description of Goods or Services Purchased | Serial or Unit No. | Motor or Cabinet No. | Price of Each Unit |
|---|---|---|---|
| New 1998 Bayliner Trophy 2052 | | Serial# USCA19FDK798 | |
| New 1998 Mercruiser 4.3 Motor | | Serial# OLO40843 | |
| New 1998 Escort BT22GAB Trailer | | Serial# 405222LAO%M000019 | |

Description of Other Collateral
(Not household goods)

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the Amount Financed as disclosed below, plus finance charges accruing on the unpaid balance at the Annual Percentage Rate disclosed below per year from today's date until paid in full. Finance charges accrue on a 365 day basis. You agree to pay this Contract according to the payment schedule shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**MINIMUM FINANCE CHARGE:** You agree to pay a minimum finance charge of $ ___-0-___ if you pay this Contract in full before we have earned that much in finance charges.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 10.00 % | $ 26,431.40 | $ 26,951.59 | $ 53,382.99 | $ 1,152.50 $ 54,535.49 |

Payment Schedule: Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 180 | $296.55 | Monthly Payments Beginning    09/ 20/98 |

**Security:** You are giving a security interest in the Goods purchased.
☐ (description of other property) _____

**Prepayment:** If you pay off this Contract early, you may have to pay a Minimum Finance Charge, and you will have to pay an acquisition fee.

**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit disability (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: insured _____
☐ Single ☐ Joint Prem. $ _N/A_ Term _____
Credit Disability: insured _____
☐ Single ☐ Joint Prem. $ _N/A_ Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

| _N/A_ | | _N/A_ | |
|---|---|---|---|
| Buyer | Date | Buyer | Date |

| _N/A_ | |
|---|---|
| Buyer | Date |

☐ **PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The deductible amount of this insurance may not exceed $ _N/A_. If you get insurance from or through us you will pay $ _N/A_ for _____ of coverage.

This premium is calculated as follows:
☐ Fire-Theft and Combined Additional Coverage $ _N/A_
☐ _____ $ _N/A_
☐ _____ $ _N/A_

**EXECUTION AND ASSIGNMENT:** This Contract and Security Agreement is executed by the Seller and assigned to Green Tree Financial Servicing Corporation, 332 Minnesota Street, St. Paul, MN 55101, the Assignee, phone 1-800-241-3040. This assignment is made under the terms of a separate agreement.

Seller: By _[signature]_ Date _5-21-98_

ILLINOIS RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
© 1996 Bankers Systems, Inc., St. Cloud, MN Form OTC-SI-GS-IL 1/28/97

### ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| Goods and/or Services Price (including sales tax of $ 1,866.59 ) | $ | 27,951.59 |
| Service Contract, Paid to: _N/A_ | $ | -0- |
| Cash Price | $ | 27,951.59 |
| Less: Manufacturer's Rebate | $ | 1,000.00 |
| Less: Cash Down Payment | $ | 152.50 |
| Trade-In Allowance $ -0- | | |
| Less: Amount Owing $ -0- | | |
| To: _N/A_ | | |
| Net Trade-In | $ | -0- |
| Total Down Payment | $ | 1,152.50 |
| Unpaid Balance of Cash Price | $ | 26,799.09 |
| (Cash Price Less Total Down Payment) | | |
| Paid to Public Officials - Filing Fees | $ | 152.50 |
| Insurance Premiums | $ | -0- |
| Paid to Seller - Document Prep Fee | $ | -0- |
| To: _____ | $ | -0- |
| To: _____ | $ | -0- |
| To: _____ | $ | -0- |
| To: _____ | $ | -0- |
| To: _____ | $ | -0- |
| Total Other Charges | $ | 152.50 |
| (Including Amounts Paid to Others on Your Behalf) | | |
| Less: Prepaid Finance Charges | $ | -0- |
| Amount Financed | $ | 26,951.59 |
| (Unpaid Balance of Cash Price Plus Other Charges) | | |

### NOTICE TO THE BUYER

(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to an exact copy of the agreement you sign. (3) Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS RETAIL INSTALLMENT CONTRACT.

Buyer: _[signature]_

| Signature _[signature]_ | 5-21-98 |
|---|---|
| | Date |

| Signature _____ | _____ |
|---|---|
| | Date |

| Signature _____ | _____ |
|---|---|
| | Date |

OT-82-14-001 (1/97) (page 1 of 2)

GOODS AND SERVICES – NOT FOR HOME IMPROVEMENT OR MANUFACTURED HOMES

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for defendant, certifies that on July 29, 2005, he caused a copy of the foregoing Notice of Motion and Defendant Green Tree Servicing LLC's Motion to Dismiss to be mailed, first-class postage prepaid, to:

David Powell
P.O. Box 5282
Lansing, IL  60438