# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6503 | **DATE** | November 26, 2007 |
| **CASE TITLE** | *Powell v. Green Tree Servicing* | | |

**DOCKET ENTRY TEXT:**

For the reasons detailed in this order, this case is remanded to the Circuit Court of Cook County based on the lack of subject matter jurisdiction.

■[ For further details see text below.]

## STATEMENT

     This matter is before the court pursuant to 28 U.S.C. § 1446(c)(4), which requires the court to examine notices of removal to determine if removal is proper. Here, pro se plaintiff David Powell sued defendant Green Tree Servicing in state court. As noted by Green Tree, Mr. Powell's complaint is not a model of clarity. Mr. Powell asserts that Green Tree breached a contract, and alleges that the breach of contract was willful, as that term is used in the Fair Credit Reporting Act. Mr. Powell attached exhibits to the complaint which reflect communications between Mr. Powell and Green Tree about his boat loan, his attempt to get an extension, and Green Tree's efforts to repossess the boat.

     Green Tree contends that this complaint is removable because it attempts to assert a claim under the Fair Credit Reporting Act ("FCRA"). The court disagrees. The only mention of the FCRA is Mr. Powell's reference to the FCRA's definition of wilful. He does not appear to wish to state any sort of claim under the FCRA. Instead, he appears to wish to define the word "willful" using the FCRA definition. As evidenced by his allegations and the attached materials, however, his actual claims appear to be for breach of contract and negligent misrepresentation under state law.

     Accordingly, the court finds that the complaint fails to state a claim arising under federal law. Because Green Tree, the removing defendant, has not provided any information about the parties' citizenship, the court cannot ascertain if diversity jurisdiction is proper. "When the papers filed in the district court do not establish subject-matter jurisdiction, remand is obligatory." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1019 (7th Cir. 2004). This case is, therefore, remanded to the Circuit Court of Cook County based on the lack of subject matter jurisdiction.

| | Courtroom Deputy Initials: | RTS/c |
|---|---|---|